IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WALTER MARTINEZ,
     Petitioner,

v.                                 Case No.  3:08cv562/RV/MD

EDWIN BUSS,
     Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent has requested that this court dismiss the petition as time-barred (doc. 17, p. 62).   The undersigned magistrate judge ordered the respondent to brief the court on the effect of the appellate court's reinstatement of petitioner's direct appeal. (Doc. 28).   Respondent complied with the order and addressed the timeliness of the petition, correcting the court in that the appellate court reinstated petitioner's Rule 3.850 appeal from the denial of post-conviction relief, not his direct appeal (doc. 29).  Petitioner replied, contending the court should exercise its discretion to apply equitable tolling because the delay in filing the appeal was a result of "extraordinary circumstances that were both beyond his control and unavoidable even though petitioner exercised due diligence (doc. 32, p. 1).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.   It is further the opinion of the undersigned that the pleadings and

attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On September 16, 1998, petitioner was convicted upon jury verdict of three counts of capital sexual battery in the Circuit Court of Escambia County, Florida, case number 98-688 (doc. 17, ex. D).[1]  He was sentenced to three terms of imprisonment for his natural life, with 212 credit days (ex. E, p. 25).[2]  Petitioner filed a motion for a new trial (ex. F, p. 29), which the court denied on September 25, 1998 (ex. F., p. 63).  He also filed a motion for reduction or modification of sentence, pursuant to Rule 3.800, Florida Rules of Criminal Procedure, asking the court to consider his family's hardship (ex. DD, Jan. 28, 2000).  The trial court found the sentence "appropriate in light of the nature of the offense" and denied the motion (ex. DD, Feb. 17, 2000).  Petitioner also appealed the trial court's order designating petitioner a "Sexual Predator" (ex. H, p. 78).  The Florida First District Court of Appeal ("First DCA") dismissed the appeal on July 13, 1999, because petitioner failed to pay the requisite filing fee (ex. H, p. 79).

On February 26, 1999, petitioner, through counsel, directly appealed his conviction and sentence to the First DCA (ex. I). He raised two issues in his initial brief:  (1) "Whether Investigator Cassidy's testimony that, 'We discussed some problems that he had had of this nature in North Carolina,' was harmless error"; and (2) "Whether the court erroneously admitted D.S.'s collateral crime evidence in that it was not sufficiently similar to the charged offense and in that D.S. was unable to identify appellant in court."  (Ex. I, pp. 13,21).  On November 18, 1999, the First DCA *per curiam* affirmed petitioner's judgment and sentence, and the mandate issued on December 6, 1999 (ex. L).

---

[1] Hereafter, all references to exhibits will be to those provided at Doc. 17, unless otherwise noted.

[2] The second and third term were to run concurrently, but consecutively to the first term (ex. E).

On November 28, 2000, petitioner filed a *pro se* motion for post-conviction relief in the trial court pursuant to Rule 3.850, Florida Rules of Criminal Procedure, attaching two exhibits (ex. M).  In this motion, petitioner asserted eight claims of ineffective assistance of counsel and one claim of denial of a fair trial due to trial counsel's "cumulative errors" (ex. M).  At respondent's request (ex. N., p. 159), the Rule 3.850 court held an evidentiary hearing on November 25, 2002 (ex. O).  It denied petitioner's motion in a written opinion of May 24, 2004 (ex. P).  Petitioner appealed (ex. Q), but the First DCA dismissed the appeal on September 2, 2004, for failure to timely file a completed docketing statement as required by that court (ex. R).

On May 16, 2006, petitioner filed a *pro se* "Petition for Writ of Habeas Corpus for Belated Appeal" in the First DCA  (ex. S).  Respondent did not oppose the appeal and suggested the court convert the petition to a reinstatement of petitioner's 2004 Rule 3.850 appeal (ex. T).  On September 20, 2006, the First DCA *per curiam* reinstated the appeal, relinquished the proceeding to the Rule 3.850 court, and directed appointment of counsel if petitioner qualified (ex. V).

Petitioner, through counsel, asserted one argument on appeal:  "Whether the lower court erred in denying the motion for post-conviction relief as to Count IV when trial counsel's conduct in failing to object to the erroneous collateral crimes evidence clearly fell below minimum standards of professional representation." (ex. W, p. 9).  After taking judicial notice of the briefs filed in the original proceeding and considering respondent's answer brief, on November 17, 2007, the First DCA *per curiam* affirmed the Rule 3.850 court's 2004 denial of petitioner's motion for post-conviction relief (ex. Z).

On December 24, 2007, petitioner filed a motion for declaratory judgment and a motion to correct illegal sentence in the First Judicial Circuit, Escambia County, Florida, pursuant to Rule 3.800, Florida Rules of Criminal Procedure (ex. AA).  In both motions, petitioner argued his imprisonment was illegal because a life term is "manifestly indefinite," and indefinite terms are prohibited under the Florida Constitution, article 1, section 17 (ex. AA, pp. 2-3).  The court denied both motions,

citing applicable Florida case law and attaching relevant portions of the record  (ex. BB, March 19, 2008).  Petitioner appealed the denial of both motions (ex. CC), but the First DCA *per curiam* affirmed the lower court's decision on September 29, 2008  (ex. EE).

On January 4, 2008, while the Rule 3.800 proceedings were pending, petitioner filed a state petition for writ of habeas corpus in the First Judicial Circuit, Escambia County, Florida, in which he claimed the trial court lacked jurisdiction to try him because he was charged by information rather than indictment (ex. KK).  The court denied the petition by written opinion on March 19, 2008, addressing the merits of petitioner's claim but noting it was untimely and successive (ex. LL).  Petitioner appealed the decision to the First DCA, which *per curiam* affirmed the lower court's decision on February 19, 2009 (ex. OO).

Contemporaneously, petitioner filed a state petition for writ of habeas corpus with attachments in the First DCA on the grounds that his post-conviction appellate counsel rendered ineffective assistance (ex. HH, Aug. 22, 2008).[3]  On October 24, 2008, the First DCA *per curiam* denied the petition, citing Florida case law holding that "ineffective assistance of postconviction counsel is not a cognizable claim." (Ex. II; *Martinez v. State*, 995 So.2d 499 (Fla. App. 2008)).  On December 12, 2008, the First DCA denied petitioner's motion for rehearing (ex. JJ).[4]

Petitioner filed the instant petition for federal writ of habeas corpus on December 19, 2008, ten years after his original conviction and sentence (doc. 1).

## DISCUSSION

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  A person in custody pursuant to a state court

---

[3]  The petition was titled "Petition for Writ of Habeas Corpus Belated Appeal," but the court treated it as an ineffective assistance of counsel claim based on petitioner's arguments (ex. HH).

[4]  The State concedes it does not have petitioner's motion for rehearing and is not aware of its contents (doc. 17, p. 8 n.5).

judgment must file a federal habeas corpus petition within one year from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  "A judgment becomes 'final' on the date on which the United States Supreme Court issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the ninety days in which the petitioner could file such a petition."  *Ilarion v. Crosby*, 179 Fed. Appx. 653, *1 (11th Cir. 2006) (citing *Bond v. Moore*, 309 F.3d 770, 773-74 (11th Cir.2002)).  According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not count toward any period of limitation.  28 U.S.C. § 2244(d)(2).  The time during which a belated appeal of an order denying post-conviction relief is pending also tolls the limitations period.  *Moore*, 321 F.3d at 1381.

The First DCA issued its opinion on petitioner's direct appeal on November 18, 1999 (ex. L).  Petitioner did not move for rehearing in the First DCA, nor did he seek review of his conviction in the Florida Supreme Court or in the United States Supreme Court.  Accordingly, his conviction became "final" for purposes of § 2244 on February 16, 2000, when the ninety-day period in which to seek *certiorari* from the

United States Supreme Court expired.[5]  The federal habeas statute of limitations began to run on that date.  *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that limitations period began to run when the time expired for filing a petition for *certiorari* with the United States Supreme Court).

Petitioner filed his first Rule 3.850 motion 285 days later, on November 28, 2000 (ex. M).  This properly filed motion tolled the statue of limitations while the motion was pending.  28 U.S.C. § 2244(d)(2).  However, the First DCA dismissed petitioner's appeal from the Rule 3.850 court's denial of his motion on September 2, 2004 (ex. R).  Because petitioner did not have other pending motions, the statute of limitations period resumed on September 2, 2004, with 81 days remaining.  The record reveals that petitioner had no properly filed applications for state postconviction or other collateral review pending during that critical period (September 2, 2004 to November 22, 2004); therefore, his time for seeking federal habeas review in this court expired on November 22, 2004.  The instant petition, which was filed well after that date, is untimely.  *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the date after the judgment became "final" under § 2244(d)(1)); *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331 (11th Cir. 2008) (same).

The plain language of § 2244(d)(1)(A) provides that the one year statute of limitations begins to run on "the date on which the judgment became final by the conclusion of *direct review* or the expiration of the time for seeking such review." (emphasis added).  The Supreme Court held in *Jiminez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 172 L. Ed. 2d 475 (2009) that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not

---

[5]  The 90-day period for filing in the United States Supreme Court a petition for a *writ of certiorari* seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of issuance of the mandate.  *See* SUP. CT. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

yet 'final' for purposes of § 2244(d)(1)(A)."  555 U.S. at __, 129 S. Ct. at 686.  In that limited circumstance, the judgment becomes final at the conclusion of the out-of-time direct appeal or expiration of the time for seeking review of that appeal.  129 S. Ct. at 686-87.  Neither the plain language of the statute nor Supreme Court precedent extends this relation-back principle to out-of-time or belated appeals of collateral attacks.  The First DCA reinstated petitioner's Rule 3.850 appeal (ex. V.), which was not a direct appeal, so the reinstatement does not relate back to petitioner's November 28, 2000, Rule 3.850 motion for post-conviction relief.  The statute of limitations to file a petition for writ of habeas corpus with this court expired on November 22, 2004, and petitioner's instant petition is untimely.

Petitioner asserts that he did not know the court had dismissed his Rule 3.850 appeal, the dismissal was beyond his control, and despite his exercise of due diligence he could not learn the motion was dismissed in time to file the instant petition (doc. 32, pp. 2-5, 6-8).  He asks this court to apply equitable tolling and allow his petition, despite being untimely (doc. 32, p. 1).

Petitioner is correct that Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010).  A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id*. at 2562-63 (citation and internal quotation marks omitted).  Equitable tolling is an extraordinary remedy to be applied sparingly, and the petitioner has the burden of establishing he is entitled to it.  *Drew v. Fla. Dep't of Corr*., 297 F.3d 1278, 1286 (11th Cir. 2002).

In *Holland*, petitioner's court-appointed attorney waited until there were 12 days before the AEDPA limitations period ran to file a motion for postconviction relief.  130 S. Ct. at 2255.  The attorney largely failed to communicate with Holland during the pendency of the appeal of the motion for postconviction relief.  *Id*. Concerned with his representation, Holland wrote two letters to the Florida Supreme Court and "various letters" to the Clerk of the Florida Supreme Court.  *Id*. at 2256.

After oral argument before the Supreme Court, Holland wrote his attorney to stress the importance of filing a timely federal petition for writ of habeas corpus. *Id.* He also filed a complaint with the Florida Bar Association. *Id.* The AEDPA time limit expired without Collins' knowledge, and he wrote to his attorney a third time. *Id.* at 1256-57. After continued failed attempts to contact his attorney, and after researching the legal issues on his own, Collins wrote a draft petition for writ of habeas corpus and mailed it to his attorney. When the petition came before the district court, it rejected the petition as untimely and refused to apply equitable tolling because Collins did not demonstrate due diligence. *Id.* at 1259. The Eleventh Circuit affirmed. *Id.* The Supreme Court remanded the case, instructing the Eleventh Circuit to re-evaluate its standard for applying equitable tolling. *Id.* at 1265.

While the Supreme Court did not provide much guidance in determining if a petitioner has exercised due diligence, in his concurrence, Justice Alito thought the time "may be tolled if the missed deadline results from attorney misconduct that is not constructively attributable to the petitioner," and that Holland had alleged facts showing such misconduct. *Id.* at 2568 (Alito, J., concurring).

In contrast, the Eleventh Circuit concluded in *Drew* that although "[a] lengthy delay between the issuance of a necessary order and the inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order," Drew's efforts did not amount to due diligence. 297 F.3d at 1287, 1288. Drew's petition was dismissed in March 1995 in a district court order directing him to file a motion in state court before returning to federal court. *Id.* at 1292. However, Drew did not receive the district court's order until almost a year after it was issued. *Id.* Drew alleged he sent letters to the district's clerk of court inquiring about his petition, but the clerk did not respond for almost a year, when the clerk's office sent a him a docket report. He states he wrote additional letters trying to acquire a copy of the order, but the clerk was unresponsive. He ultimately procured the order directly from the district court judge. *Id.* Drew asserted this facts entitled him to equitable tolling. *Id.* at 1287. However,

the record reflected that Drew "made virtually no effort to ascertain the status of his first habeas petition in the district court" for sixteen months.[6]  *Id.* at 1288.

The undersigned believes petitioner has not alleged sufficient facts to entitle him to equitable tolling.  In his petition, he states that his attorney did not inform him that his direct appeal had been dismissed.  He also states that from September 2004 to March 2006, petitioner's mother "placed several calls" to his attorney and was told "nothing has changed," "we are still waiting," and "everything still looks good."  The last time petitioner's mother attempted to call his attorney, she was informed he no longer worked at the office.  (Doc. 1, p. 2).  Petitioner's elaboration of these contentions in his reply to this court's order directing respondent to brief the court on the issue of timeliness (doc. 32) makes it clear to the undersigned that petitioner did not exercise due diligence so as to warrant equitable tolling.  Petitioner allowed three months to pass before he contacted his attorney regarding the status of the appeal of his Rule 3.850 motion (doc. 32, p. 3).  Although he states *he* began inquiring, in the next sentence he states he contacted his mother and wife and asked them to contact his attorney (*id.*).  The attached affidavit of petitioner's mother does state that she made multiple attempts to call petitioner's attorney and he may have either lied to her regarding the status of the appeal, or at a minimum "brushed her off" (doc. 32, ex. D).  However, petitioner allowed eighteen months to pass before acting on his own behalf and inquiring about the appeal with the First Judicial Circuit Clerk of Courts, Escambia County, Florida.  He states received a docket printout on August 14, 2006, and realized that his appeal had been dismissed and the statute of limitations had  expired under the AEDPA.  Petitioner ultimately filed his belated appeal on May 16, 2006, 622 days after the First DCA dismissed his Rule 3.850 appeal. (Doc. 32, p. 4).

---

[6]  The court was troubled by the fact the Drew did not raise his claim of sending letters to the clerk until his objection to the magistrate judge's report and recommendation.  *Id.* at 1287.  Even then, Drew did not provide specific descriptions or evidence that he sent letters.  *Id.*

Unlike the facts of *Holland*, *supra*, petitioner asked other people to contact his attorney for him instead of initiating contact himself.  Petitioner was capable of corresponding with his attorney by mail, if not by phone.  Furthermore, as in *Drew*, *supra*, although petitioner was disadvantaged by his attorney's, and possibly the court's, failure to notify him of the status of his appeal, he waited far too long to take any meaningful initiative.  Petitioner has the burden of establishing he is entitled to equitable tolling, and based on the pleadings, this court finds that petitioner failed to meet that burden.

## CONCLUSION

The instant petition for writ of habeas corpus is untimely.  Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period.  Therefore, the petition should be dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(a), Rules Governing Section 2254 Cases.  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is recommended that the court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If petitioner

files an objection to this recommendation, he may bring this argument to the attention of the district judge in his objections.

Accordingly, it is respectfully RECOMMENDED:

1.   That the petition for writ of habeas corpus (doc. 1) challenging the conviction and sentence in *State of Florida v. Walter Miguel Martinez*, in the Circuit Court of Escambia County, Florida, case number 98-688, be DISMISSED WITH PREJUDICE.

2.  That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 5th day of May, 2011.


/s/ *Miles Davis*

**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**




## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).