**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

WALTER MARTINEZ,

        Petitioner,

vs.                                         CASE NO. 3:08cv562-RV/MD

EDWIN BUSS,

        Respondent.
_____/

## ORDER

This matter comes before the court on the Report and Recommendation of the Magistrate Judge (doc. 33) ("Report"), filed on May 5, 2011, recommending that Walter Martinez's petition for writ of habeas corpus be dismissed. Martinez has filed an objection to the Report, pro se, which I have reviewed de novo under Title 28, United States Code, Section 636(b). Having considered the Report, and the objection thereto, I have determined that the matter must be referred back to the Magistrate Judge for an evidentiary hearing.

The background of this case (including discussion of the procedural history and timing of Martinez's various state post-conviction motions) is undisputed and fully set forth in the Report.[1] After describing and analyzing that background, and calculating the time between Martinez's state conviction becoming "final" and the filing of his 2254 petition in this court, the Report concludes that the petition was untimely by several years. The Report also recommends that the untimely petition should not be subject to equitable tolling and that a Certificate of Appealability should not issue.

---

[1] See Petitioner's Objection to the Report (doc. 36) at 2 ("Martinez agrees with the procedural history and time frames of his state post conviction motions set forth by the magistrate.").

In his objection, Martinez first objects to the Magistrate Judge's conclusion that his federal petition was filed out-of-time. He contends that the state court's "reinstatement" (on September 20, 2006) of his previously-dismissed Rule 3.850 motion for post-conviction relief (which was originally filed on November 28, 2000) means that the one-year statute of limitations for habeas purposes was statutorily tolled until the motion, as reinstated, was eventually ruled upon (on November 17, 2007). This argument is without merit. Assuming arguendo, as Martinez contends, that reinstating the Rule 3.850 motion means it "relates back" to the original filing date, his federal petition would still be untimely.[2]

Second, Martinez objects to the Magistrate Judge's rejection of his claim for equitable estoppel. In an appropriate case, equitable estoppel will toll the statute of limitations period if a petitioner establishes (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented timely filing. See San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). The Supreme Court has recently clarified that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland v. Florida, --- U.S. ---, 130 S. Ct. 2549, 2565, 177 L. Ed. 2d 130 (2010) (quotation marks and citation omitted). Martinez argues in his objection (as he did in opposition to the respondent's motion to dismiss) that his attorney failed to tell him that his appeal had been denied, and thus he was unaware that the statute of limitations clock had resumed ticking.

---

[2] As the Magistrate Judge noted, and Martinez does not dispute, 285 days elapsed between his conviction becoming "final" and the filing of his Rule 3.850 motion on November 28, 2000. Accordingly, from the time the one-year statute of limitations period resumed (whenever that was), Martinez had 81 days in which to file his Section 2254 petition. Even if the entire period from November 28, 2000, until November 17, 2007, is tolled --- along with the period when any of his other "properly filed" post-conviction motions were pending in state court --- his federal 2254 petition (which was filed on December 19, 2008) would still be untimely.

*CASE NO. 3:08CV562-RV/MD*

The law is settled in the Eleventh Circuit that mere attorney negligence does not justify equitable tolling. <u>See</u> <u>e.g.</u>, <u>Howell v. Crosby</u>, 415 F.3d 1250, 1252 (11th Cir. 2005) ("attorney negligence is not a basis for equitable tolling") (citing cases). "'When an attorney miscalculates a deadline, fails to adequately raise a potentially meritorious claim, or otherwise makes a run-of-the-mill mistake, a habeas petitioner must live with the consequences of the error.'" <u>Stewart v. Sec'y, Florida Dep't of Corrs.</u>, 355 Fed. Appx. 275, 280 (11th Cir. 2009). However, something more than attorney negligence may justify equitable tolling in appropriate cases. In <u>Downs v. McNeil</u>, 520 F.3d 1311 (11th Cir. 2008), the Eleventh Circuit drew the distinction between "mere negligence" on the one hand, and "egregious misconduct" on the other. The Court of Appeals gave as an example of the latter when a petitioner's attorney makes misrepresentations, gives false assurances, or outright lies about the status of a case. <u>See</u> <u>generally</u> <u>id.</u> at 1321-22; <u>see</u> <u>also</u> <u>id.</u> at 1323 (giving as an example of egregious misconduct "outright willful deceit").

In this case, as the Report acknowledges, Martinez appears to be alleging that his attorney affirmatively <u>lied</u> about the status of his appeal. <u>See</u> Report at 9 (noting that an affidavit attached to Martinez's filings appears to maintain that his lawyer "may have . . . lied" about the status of his appeal). Given that Martinez is proceeding <u>pro</u> <u>se</u>, and thus his filings must be construed liberally, I conclude that an evidentiary hearing is necessary to explore this claim. <u>See</u>, <u>e.g.</u>, <u>Downs</u>, <u>supra</u>, 520 F.3d at 1323-25 ("we cannot say whether extraordinary circumstances are present that entitle Downs to equitable tolling because the district court made no findings of fact with respect to whether counsel's behavior [which included claim of deliberate misrepresentation] was as appalling as Downs alleges"; accordingly, because the question of whether equitable tolling applies "is a decision that must rest on facts," case was remanded to the district court for an evidentiary hearing "to determine whether the facts Downs has alleged are true, and to make any additional factual findings relevant to the equitable tolling analysis"); <u>Roper v. Dep't</u>

of Corrs., --- Fed. Appx. ---, 2011 WL 2693183 (11th Cir. July 12, 2011) (holding that "affirmative misrepresentations by counsel" about the status of a motion may constitute "extraordinary circumstance" justifying equitable tolling of habeas filing deadline; remanding to the district court for an evidentiary hearing to explore the petitioner's allegation that counsel had made such misrepresentations). If Martinez is able to establish that his attorney lied and that the misrepresentations qualify as "extraordinary circumstances" on the particular facts of this case, the Magistrate Judge should also consider the related questions of whether they stood in his way and prevented him from timely filing; whether he pursued his rights diligently; and what period of time, if any, should be equitably tolled.[3]

Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

That this matter is referred back to the Magistrate Judge for proceedings consistent with the foregoing.

**DONE AND ORDERED** this 11th day of October, 2011.

/s/ Roger Vinson
**Roger Vinson**
**Senior United States District Judge**

---

[3] To the extent the Report suggests Martinez did not exercise reasonable diligence because he had asked his mother to contact his lawyer for him (and the lawyer had allegedly lied to her and --- only later --- to him), that does not appear sufficient to bar outright an equitable estoppel claim. In Roper, supra, for example, the petitioner alleged that his attorney had lied to his mother and sister about the status of his case. See also, e.g., Baldayaque v. United States, 338 F.3d 145 (2d Cir. 2003) (equitable estoppel available where the attorney failed to follow the directions of, and made misrepresentations to, the petitioner's "representative," namely, his wife).

*CASE NO. 3:08CV562-RV/MD*