## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**WALTER MARTINEZ,**
      **Petitioner,**

**v.**                           **Case No.  3:08cv562/RV/MD**

**KENNETH S. TUCKER,**
      **Respondent.[1]**

_____

## REPORT AND RECOMMENDATION

      This case is before the court on Walter Martinez' ("Mr. Martinez") December 19, 2008 petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1). Respondent filed an answer (doc. 17) and relevant portions of the state court record (doc. 18). Mr. Martinez then filed a response (doc. 25). The matter was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. It is further the opinion of the undersigned that the pleadings and attachments before the court show that Mr. Martinez is not entitled to relief, and the petition should be denied.

_____

[1] Kenneth S. Tucker became Secretary of the Florida Department of Corrections on August 24, 2011, and is substituted as respondent.

## BACKGROUND AND PROCEDURAL HISTORY

On September 16, 1998, Mr. Martinez was convicted upon jury verdict of three counts of capital sexual battery against a child younger than 12 years old in the Circuit Court of Escambia County, Florida, case number 98-688 (doc. 58, ex. D).[2]  He was sentenced to three terms of imprisonment for his natural life, with 212 credit days (ex. E, p. 25).[3]  Mr. Martinez filed a motion for a new trial (ex. F, p. 29), which the court denied on September 25, 1998 (ex. F, p. 63).  On January 28, 2000, he also filed a motion for reduction or modification of sentence pursuant to Rule 3.800, Florida Rules of Criminal Procedure, asking the court to consider his family's hardship (ex. DD).  On February 17, 2000, the trial court found the sentence "appropriate in light of the nature of the offense" and denied the motion.  *Id*.  Mr. Martinez also appealed the trial court's order designating him a "Sexual Predator" (ex. H, p. 78).  The Florida First District Court of Appeal ("First DCA") dismissed the appeal on July 13, 1999 because he failed to pay the requisite filing fee.  *Id*. at 79.

On February 26, 1999, Mr. Martinez, through counsel, directly appealed his conviction and sentence to the First DCA (ex. I).  He raised two issues in his initial brief:  (1) "Whether Investigator Cassidy's testimony that, 'We discussed some problems that he had had of this nature in North Carolina,' was harmless error"; and (2) "Whether the court erroneously admitted D.S.' collateral crime evidence in that it was not sufficiently similar to the charged offense and in that D.S. was unable to identify appellant in court."  Ex. I, pp. 13, 21.  On November 18, 1999, the First DCA *per curiam* affirmed Mr. Martinez' judgment and sentence, and the mandate issued on December 6, 1999 (ex. L).

---

[2]Hereinafter, all references to exhibits will be to those provided at Doc. 58, unless otherwise noted.

[3] The second and third term were to run concurrently, but consecutively to the first term (ex. E).

On November 28, 2000, Mr. Martinez filed a *pro se* motion for post-conviction relief in the trial court pursuant to Rule 3.850, Florida Rules of Criminal Procedure, attaching two exhibits (ex. M).  In this motion, he asserted eight claims of ineffective assistance of counsel and one claim of denial of a fair trial due to trial counsel's "cumulative errors."  *Id.*  At respondent's request (ex. N, p. 159), the Rule 3.850 court held an evidentiary hearing on November 25, 2002 (ex. O).  It denied Mr. Martinez' motion in a written opinion on May 24, 2004 (ex. P).  Mr. Martinez appealed (ex. Q), but the First DCA dismissed the appeal on September 2, 2004 for failure to timely file a completed docketing statement as required (ex. R).

On May 16, 2006, Mr. Martinez filed a *pro se* "Petition for Writ of Habeas Corpus for Belated Appeal" with the First DCA (ex. S).  Respondent did not oppose the appeal and suggested the court convert the petition to a reinstatement of his 2004 Rule 3.850 appeal (ex. T).  On September 20, 2006, the First DCA *per curiam* reinstated the appeal, relinquished the proceeding to the Rule 3.850 court, and directed appointment of counsel if Mr. Martinez qualified (ex. V).

Mr. Martinez, through counsel, asserted one argument on appeal:  "Whether the lower court erred in denying the motion for post-conviction relief as to Count IV when trial counsel's conduct in failing to object to the erroneous collateral crimes evidence clearly fell below minimum standards of professional representation."  Ex. W, p. 9.  After taking judicial notice of the briefs filed in the original proceeding and considering respondent's answer brief, on November 17, 2007, the First DCA *per curiam* affirmed the Rule 3.850 court's 2004 denial of petitioner's motion for post-conviction relief (ex. Z).

On December 24, 2007, Mr. Martinez filed a motion for declaratory judgment and a motion to correct an illegal sentence in the First Judicial Circuit, Escambia County, Florida, pursuant to Rule 3.800, Florida Rules of Criminal Procedure (ex. AA).  In both motions, Mr. Martinez argued his imprisonment was illegal because a life term is "manifestly indefinite," and indefinite terms are prohibited under the

Florida Constitution, Article 1, Section 17 (ex. AA, pp. 2-3).  On March 19, 2008, the court denied both motions citing applicable Florida case law and attaching relevant portions of the record  (ex. BB).  Mr. Martinez appealed the denial of both motions (ex. CC), but the First DCA *per curiam* affirmed the lower court's decision on September 29, 2008  (ex. EE).

On January 4, 2008, while the Rule 3.800 proceedings were pending, Mr. Martinez filed a state petition for writ of habeas corpus in the First Judicial Circuit, Escambia County, Florida, in which he claimed the trial court lacked jurisdiction to try him because he was charged by information rather than indictment (ex. KK).  The court denied the petition by written opinion on March 19, 2008 addressing the merits of his claim but noting it was untimely and successive (ex. LL).  Mr. Martinez appealed the decision to the First DCA, which *per curiam* affirmed the lower court's decision on February 19, 2009 (ex. OO).

Contemporaneously, on August 22, 2008, Mr. Martinez filed a state petition for writ of habeas corpus with attachments with the First DCA on the grounds that his post-conviction appellate counsel rendered ineffective assistance (ex. HH).[4]  On October 24, 2008, the First DCA *per curiam* denied the petition citing Florida case law holding that "ineffective assistance of postconviction counsel is not a cognizable claim."  (Ex. II; *Martinez v. State*, 995 So.2d 499 (Fla. App. 2008)).  On December 12, 2008, the First DCA denied Mr. Martinez' motion for rehearing (ex. JJ).[5]

Mr. Martinez filed the instant petition for federal writ of habeas corpus on December 19, 2008 (doc. 1), and after numerous procedural filings, respondent concedes its timeliness (doc. 54).

_____

[4]  It was titled "Petition for Writ of Habeas Corpus Belated Appeal," but the court treated it as an ineffective assistance of appellate counsel claim based on his arguments.

[5]Respondent advised that it does not have Mr. Martinez' motion for rehearing and is not aware of its contents (doc. 17, p. 8 n.5).

## STANDARD OF REVIEW

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19 (1996).  In relevant part, Section 2254 provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006).

The Supreme Court explained the framework for Section 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[6]  Section 2254(d)(2) must be divided into two separate inquiries:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

---

[6]  Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

*Id.* at 412–13 (O'Connor, J., concurring).  The federal habeas court "determining whether [it] should overturn the state courts' [sic] rejection of the claim at issue" should "review the highest state court decision disposing of the claim."  *Harvey v. Warden, Union Corr. Inst.*, 629 F.3d 1228, 1237 (11th Cir. 2011); *see also Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 173 L. Ed. 2d 251(2009).

Following the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" only when the Supreme Court's holding embodies the legal principle; dicta in opinions is not controlling.  *Thaler v. Haynes*, __ U.S. __, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).  Furthermore, a federal court of appeals decision, "even a holding directly on point," cannot clearly establish federal law for Section 2254 purposes.  *Bowles*, 608 F.3d at 1316 (citing *Renico v. Lett*, __ U.S. __, 130 S. Ct. 1855, 1866, 176 L. Ed. 2d 678 (2010)).

After identifying the governing legal principle, the court determines whether the state court adjudication is "contrary to" clearly established Supreme Court case law, either because the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or because it "confronts a set of facts that is materially indistinguishable from a decision of [the] Court but reaches a different result."  *Brown v. Payton*, 544 U.S. 133, 141, 125 S. Ct. 1432, 161 L. Ed. 2d 334 (2005); *see* 28 U.S.C. § 2254(d)(1).  The state court does not need to cite to Supreme Court cases or even be aware of them, "so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002).  If the state court decision is contrary to clearly

established federal law, the federal habeas court must independently consider the merits of petitioner's claim.

If the state court decision is not contrary to clearly established federal law, the federal habeas court must then determine whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412–13.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle was "objectively unreasonable" in light of the record the court had before it.  *Williams*, 529 U.S. at 409; *see Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1400, 179 L. Ed. 2d 557 (2011) (holding new evidence introduced in federal habeas court has no bearing on Section 2254(d)(1) review, rejecting dicta in *Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam)).  A state court's application of federal law is objectively unreasonable when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Brown*, 544 U.S. at 141.  However, a state court may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause.  *Knowles*, 556 U.S. at 261.  Notably, even a state court's incorrect application of law will not warrant federal habeas relief unless it is also objectively unreasonable.  *See Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 785-86, 178 L. Ed. 2d 624 (2011).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  As with the "unreasonable application" clause, the Supreme Court applies the "objectively unreasonable" test to the state court's factual determination. *Miller-El v. Cockrell*, 537 U.S. 322, 324, 123

S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (dictum).  Petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct.  *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); 28 U.S.C. § 2254(e)(1).

The Eleventh Circuit in *Gill* clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests.  *Id.* at 1288-89.  Mr. Gill's petition alleged he was denied his Sixth Amendment right to counsel.[7]  *Id.* at 1288.  The Eleventh Circuit granted a limited Certificate of Appealability to determine the precise issue of the validity of "summary affirmance by a state appellate court of a trial court's decision based on potentially flawed reasoning."  *Id.* at 1286.[8]

The *Gill* court acknowledged the well-settled principle that summary affirmances, such as the Second DCA's, are presumed adjudicated on the merits and warrant deference.  *Id.* at 1288 (citing *Harrington*, 131 S. Ct. at 784-85 and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002)).  "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or

---

[7]  Mr. Gill twice moved the trial court in pretrial hearings to allow him to waive his Sixth Amendment right to counsel.  *Gill*, 633 F.3d at 1275-84; U.S. Const. amend. VI.  The trial court denied the first motion concluding that Mr. Gill's waiver of counsel was not knowing and intelligent.  *Gill*, 633 F.3d at 1278; *see Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) (accused must "knowingly and intelligently" waive representation).  The trial court also denied the second motion, but allowed Mr. Gill to act as co-counsel for himself only for determining trial strategy.  *Gill*, 633 F.3d at 1284. After Mr. Gill was convicted and timely requested post-conviction relief, the Florida Second District Court of Appeal ("Second DCA") affirmed without opinion the trial court's denial of said relief.  *Id.* at 1284-85.  Mr. Gill then filed a petition in federal court, which the district court denied with prejudice.  *Id.*

[8]  The Eleventh Circuit reviewed Mr. Gill's claims that the district court erred in its habeas corpus analysis as to two issues.  First, Mr. Gill argued that the habeas court erred by "failing to review on the merits the 'legally and factually unsupported rationale' articulated by the state trial court."  *Gill*, 633 F.3d at 1288.  Second, Mr. Gill argued the habeas court's decision was *per se* erroneous because it "relied on a finding that the state court did not make."  *Id.*  Specifically, Mr. Gill averred that the trial court denied relief by finding that his Sixth Amendment waiver was not knowing and intelligent, while the federal district court denied relief by finding that he "never clearly and unequivocally" waived his right to counsel.  *Id.*

unreasonably determined the facts requires only a decision, not an opinion.  *Id.* at 1291 (citing *Harrington*, 131 S. Ct. at 784).  Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244-45 (5th Cir. 2002) (summarizing the emerging circuit split)).  The Eleventh Circuit in *Gill* concluded that district courts must apply the plain language of Section 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291 (agreeing with the Fifth Circuit court in *Neal*, 286 F.3d at 244-45).  In short, the Eleventh Circuit held that "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*[9]

In light of *Gill*, the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it.  *Id.* at 1292.  A federal habeas court can consider the full record before it in order to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Lockyer*, 538 U.S. at 64; *Gill*, 133 F.3d at 1290.

The Supreme Court recently summarized the meaning and function of habeas corpus in the federal system:

> Under §2254, a habeas court must determine what arguments or theories supported or . . . could have supported [ ] the state court's decision; and then it must ask whether it is possible fairminded jurists

---

[9]  Applying this analysis, the Eleventh Circuit rejected Mr. Gill's claim that the district court erred by relying on different grounds than the trial court because Mr. Gill's basic premise—the Second DCA's summary affirmance relied on the trial court's statements from the bench—was not dispositive. *Id.* at 1288.

could disagree that those arguments or theories are inconsistent with the holding of a prior decision of this Court.

*Harrington,* **131 S. Ct. at 786*.* **Federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's conclusion."** *Id.* **(internal quotations omitted)**

The federal habeas court will take the final step of conducting an independent review of the merits of petitioner's claims only if it finds that petitioner satisfied AEDPA and Section 2254(d).  *See Panetti v. Quarterman*, 551 U.S. 930, 953-54, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).  The writ will not issue unless petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).  When performing its review under Section 2254(d), the federal court must resolve all claims for relief regardless of whether habeas relief is granted or denied.  *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc); *see also Puiatti v. McNeil*, 626 F.3d 1283, 1307 (11th Cir. 2010).  The federal court must also bear in mind that state court factual determinations are presumed to be correct, and petitioner bears the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002) (AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson v. Anderson*, 112 F.3d 823, 824-25 (noting petitioner has heavier burden to overcome the presumption of factual correctness).  "If this standard is difficult to meet, that is because it was meant to be."  *Harrington*, 131 S. Ct. at 786.

## OTHER CONTROLLING LEGAL PRINCIPLES

### Ineffective assistance of counsel

Petitioner contends in his grounds for relief before this court that he was denied his constitutional right to the effective assistance of counsel.   The Constitution provides that: "[i]n all criminal prosecutions, the accused shall enjoy the right. . .to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.  To prevail on a claim of ineffective assistance of counsel, petitioner must prove that:    (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 677-78, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *see also Berghuis v. Thompkins,* __ U.S. __, 130 S. Ct. 2250, 2264-65, 176 L. Ed. 2d 1098 (2010).  Reasonableness of representation does not implicate what is possible, prudent, or even appropriate, but only what is "constitutionally compelled."  *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Burger v. Kemp*, 483 U.S. 776, 794, 107 S. Ct. 3114, 97 L. Ed. 2d 638 (1987)).

In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance.  *Chandler*, 218 F.3d at 1314.  Courts must make "every effort. . .to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *see also Chandler*, 218 F.3d at 1314 (the *Strickland* standard compels courts to "avoid second-guessing counsel's performance").  The Eleventh Circuit has summarized the standard and the burden:

> Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds

> unless it is shown that no reasonable lawyer, in the circumstances, would have done so.  This burden, which is petitioner's to bear, is and is supposed to be a heavy one.  And, "[w]e are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial . . . worked adequately."  *See White v. Singletary*, 972 F.2d 1218, 1221 (11th Cir. 1992).  Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.

*Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see also Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995) (the test is not whether counsel could have done more); *Atkins v. Singletary*, 965 F.2d 952, 960 (11th Cir. 1992) (". . .the Constitution requires a good deal less than maximum performance.")

In order to meet the prejudice prong of the *Strickland* standard, petitioner must allege more than that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding."  *Strickland,* 466 U.S. at 693; *see also Marquard v. Sec'y for Dep't of Corr.*, 429 F.3d 1278, 1305 (11th Cir. 2005).  Petitioner must show a reasonable probability exists that the outcome would have been different.  *Frazier v. Bouchard*, 661 F.3d 519, 532 (11th Cir. 2011); *Marquard*, 429 F.3d at 1305 (petitioner's burden under the prejudice prong is high); *Strickland*, 466 U.S. at 694.   In applying *Strickland*, the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs.  *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice. . .that course should be followed.").

The *Strickland* standard exists to prevent petitioners from abusing the post-trial process by escaping rules of waiver or presenting new issues; it should be "applied with scrupulous care" to protect the integrity of the adversary process.  *Harrington*, 131 S. Ct. at 788.  As it relates to habeas corpus applications, the Supreme Court emphasized:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so.

> The *Strickland* standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id*. (citations omitted); *Knowles*, 556 U.S. at 262 (*Strickland* claims evaluated under § 2254(d)(1) require "doubly deferential" judicial review).

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact.  *Strickland*, 466 U.S. at 698; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).  "'The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable, [which] is different from asking whether defense counsel's performance fell below *Strickland*'s standard.'"  *Jones v. Sec'y, Dep't of Corr.*, 644 F.3d 1206, 1209 (11th Cir. 2011) (quoting *Harrington*, 131 S. Ct. at 785).  Habeas claims of ineffective assistance of counsel require "doubly deferential" judicial review under Section 2254(d) and *Strickland*, and petitioners only rarely prevail on this ground.  *See Rogers*, 13 F.3d at 386.


**Exhaustion of state remedies and procedural default**


A petitioner defaults on an issue unless the petitioner first exhausts available state court remedies so the state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam); *see* 28 U.S.C. § 2254(b)(1)(A) (applicant must exhaust available state court remedies); 28 U.S.C. §

2254(b)(3) (state may rely on exhaustion requirement unless it expressly waives the right). *But see* 28 U.S.C. § 2254(b)(2) (application may be denied on the merits even when applicant fails to exhaust state remedies).  To satisfy the exhaustion requirement, petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  *Duncan*, 513 U.S. at 365-66; *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (same).  This affords the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

    "Fair presentation" requires that, in each claim for relief, petitioner include a reference to a specific federal constitutional guarantee and a statement of the facts that entitle petitioner to relief.  *Picard v. Connor*, 404 U.S. 270, 278, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  To satisfy the exhaustion requirement, petitioner must present the same facts and claims in state court about which he petitions the federal court. *Id.*  Appeals to a broad, general constitutional guarantee also fail to present the "substance" of such a claim to the state court.  *See Anderson v. Harless*, 459 U.S. 4, 7, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) (petitioner cited federal authority only by referring to a state court decision in which "the defendant. . . asserted a broad federal due process right to jury instructions that properly explain state law" (internal quotation marks omitted)).  A state prisoner's claim is not fairly presented if the state court "must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material. . .." *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004).  However, when a petitioner squarely raises a federal constitutional claim in state court, the "failure of a state court to mention a federal claim does not mean the claim was not presented to it."  *Dye v. Hofbauer*, 546 U.S. 1, 3, 126 S. Ct. 5, 163 L. Ed. 2d 1 (2005).

And, simply labeling the claim "federal" may be sufficient to fairly present the claim. *Baldwin*, 541 U.S. at 32 (dictum).

The Eleventh Circuit requires specific reference to the United States Constitution and favors citations to federal cases. *Zeigler v. Crosby*, 345 F.3d 1300, 1307-08 and n.5 (11th Cir. 2003) ("Cursory and conclusional sentences (unaccompanied by citations to federal law) . . . did not present to the Florida courts the federal claim asserted to us."). This stricter standard requires petitioner to differentiate a claim under the United States Constitution from one under a state constitution. *Id.* at n.5; *McNair v. Hall*, 416 F.3d 1291, 1302-03 (11th Cir. 2005) ("a habeas applicant [must] do more than scatter some makeshift needles in the haystack of the state court record" (internal citations omitted)). If state and federal constitutional law overlap in their applicability to petitioner's claim, he must raise his issue in terms of the federal right in state court to obtain federal review of the issue. *Duncan*, 513 U.S. at 366; *see also Anderson*, 459 U.S. at 7 and n.3 (petitioner's citation to a state-court decision predicated solely on state law is probably insufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited state case advanced a federal claim).

A claim is procedurally defaulted and barred from federal review in two instances: (1) if it was raised in state court and rejected on the independent and adequate state ground of procedural bar or default; or (2) if it was not properly raised in state court and can no longer be litigated under state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n.1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *see also Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (state court's rejection of petitioner's constitutional claim on state procedural grounds generally precludes subsequent federal habeas review of that claim). Unless the federal court determines the state court "clearly and expressly" relied on independent and adequate state grounds, the

federal court may address the petition.[10]  *Coleman*, 501 U.S. at 735.  However, when any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine, the default is *per se* adequate state grounds independent of the federal question.  *Id.* at 735 n.1; *Harris v. Reed*, 489 U.S. 255, 263 n.9, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989) (federal habeas court need not require a federal claim be presented to a state court if the state court would hold the claim procedurally barred).

The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question.  *Lee*, 534 U.S. at 375.  To foreclose federal review, the state procedural bar must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991).  A state procedural bar is firmly established and regularly followed when the state has put litigants on notice of the rule, and the state has a legitimate interest in the rule's enforcement.  *Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006).

To overcome a procedural default so that the federal habeas court may reach the merits of a claim, petitioner must show either "cause for the default and actual prejudice resulting therefrom," or a fundamental miscarriage of justice.  *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1345 (11th Cir. 2004); *High v. Head*, 209 F.3d 1257, 1261 (11th Cir. 2000).  Cause exists when an external impediment, such as governmental interference or the reasonable unavailability of the factual basis for the claim prevented petitioner from raising the claim.  *McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (superseded by AEDPA statute, but holding is still good law as cited and followed by the Eleventh Circuit in *High*, 209 F.3d at 1262-63).  Recently the Supreme Court found cause due to petitioner's out-of-state counsel, who were on

---

[10]  The "adequate and independent state grounds" rule applies equally to procedural and substantive state-law grounds.  *Lee v. Kemna*, 534 U.S. 362, 375 (2002).

record as representing him in post-conviction proceedings, abandoned him without leave of court, without informing him they could no longer represent him, and without securing any recorded substitution of counsel. *Maples v. Thomas*, --- S. Ct.---, 2012 WL 125438, *14 (January 18, 2012).   Therefore, petitioner had no knowledge that his time to appeal had lapsed, and showed ample cause to excuse the procedural default.  *Id*.

To meet the miscarriage of justice exception, petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" because "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) (superseded by AEDPA statute, but holding is still good law as cited and followed by the Eleventh Circuit in *High*, 209 F.3d at 1270).  Further:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*  In short, actual innocence claims opening the gate for the miscarriage of justice exception are summarily rejected in virtually every case.  *Id.*


Deference to state court findings of fact
=========================================

Federal habeas courts defer to the state court's findings of fact, unless petitioner shows by clear and convincing evidence that it was unreasonable.  *See* 28 U.S.C. § 2254(d)(2); 28 U.S.C. § 2254(e)(1); *Callahan v. Hall*, 427 F.3d 897, 926 (11th Cir. 2005) (quoting the statute's language) ("[Section] 2254(d)(2) allows for relief where the state court adjudication 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding.'").   Under the AEDPA, the state court does not have to explicitly state its findings of fact.  *See Blankenship v. Hall*, 542 F.3d 1253, 1271-72 (11th Cir. 2008).  State court findings of fact can be implied from the opinion and the record when they are necessary to the Rule 3.850 court's rejection of a petitioner's claim.  *Id.*  These implicit findings are entitled to deference.  *Id.*  As explained in the Standard of Review, *supra*, the state court is not required to cite or be aware of the relevant Supreme Court precedent as long as its conclusion is not contradictory. *Early*, 537 U.S. at 8.  A summary adjudication with a brief, or total lack of, statement of reasons is still an adjudication on the merits.  *Harrington*, 131 S. Ct. at 780, 784; *see Childers v. Floyd*, 642 F.3d 953, 968 (11th Cir. 2011) ("an 'adjudication on the merits' is best defined as any state court decision that does not rest solely on a state procedural bar.")

Under Eleventh Circuit precedent, the habeas court will "'look through' a summary decision to the 'last reasoned decision' on the issue."  *McGahee v. Ala. Dep't of Corr.*, 560 F.3d 1252, 1262 n.12 (11th Cir. 2009) (quoting *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1317 (11th Cir. 2006)); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 802, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991) (quoting *Coleman*, 501 U.S. at 740) (the *Harris* presumption only applies after the habeas court determines that "'the relevant state court decision. . .fairly appear[s] to rest primarily on federal law or [is] interwoven with [federal] law.'")

The following discussion comprises two parts: claims that Mr. Martinez has abandoned and are procedurally defaulted, and claims that are subject to merits review.

### PETITIONER'S GROUNDS FOR RELIEF

I.    **Procedurally Defaulted**

**Mr. Martinez appealed to the First DCA the court's denial of his Rule 3.850 motion for post-conviction relief (ex. W).  He was granted an evidentiary hearing (ex. N and O).  However, in his appeal, Mr. Martinez only raised one ground, which corresponded to Ground 4[11] of his Rule 3.850 motion:**

> **Whether the lower court erred in denying the motion for post-conviction relief as to count IV when trial counsel's conduct in failing to object to the erroneous collateral crimes evidence clearly fell below minimum standards of professional representation.**

*Id*.  **His appellate counsel wrote Mr. Martinez a letter explaining why he had abandoned the other remaining grounds due to their lack of merit (ex. E in ex. HH). Therefore, Mr. Martinez' failure to raise grounds 1-3, 5-9[12] in his appeal to the First**

---

[11]<u>Ground 4</u> in Mr. Martinez' Rule 3.850 motion stated:
Ineffective assistance of counsel by failing to object to the admission of *Williams* Rule Evidence of non-victim child, and by failing to move/motion the court to conduct a *Williams* Rule Hearing, in accordance with Florida Stat. 90.404(2)(a), to determine the admissibility of this evidence. Thus, the defendant's 6th and 14th Amendment rights under the United States Constitution, and Article 1, Section 9 and 16 of the Florida Constitution [where violated].

[12]These grounds as listed in Mr. Martinez' Rule 3.850 motion (ex. M) were as follows:
<u>Ground 1</u> - Trial counsel ineffective, when notified by the defendant that confession was coerced, to investigate, interview and/or depose police officers, prepare for and reveal coercion at suppression hearing. As a result, motion denied and involuntary confession was admitted in trial, in violation of defendant's 5th, 6th, and 14th Amendment rights under the United States Constitution and Article 1, Section 9 and 16 of the Florida Constitition.
<u>Ground 2</u> - Ineffective assistance of counsel at suppression hearing for failing to object to prosecutor's misconduct of 1) accusing the defendant of lying, 2) bolstering the state's witnesses and 3) misstatement of facts, as a result, the motion was denied and an involuntary confession was admitted in trial, in violation of the defendant's 5th, 6th, and 14th Amendment rights under the United States Constitution, and Article 1, Section 9 and 16 of the Florida Constitution.
<u>Ground 3</u> - Trial counsel was ineffective for failing to object and move the court to conduct requisite hearing to determine the reliability and admissibility of the victim's, non-victim's, and collateral crime victim's hearsay statements, pursuant to F.S.

DCA constituted a waiver or abandonment of those issues in the state court.  *See, e.g., Duest v. Dugger*, 555 So.2d 849, 851-52 (Fla. 1990) (holding that issues raised on appeal from order denying post-conviction relief were procedurally barred where petitioner received an evidentiary hearing on his Rule 3.850 motion and failed to fully brief and argue the points on appeal).

Since the numbering of the grounds in Mr. Martinez' Rule 3.850 motion and the instant petition do not coincide, the following grounds as listed in his petition (doc. 1) were abandoned:

**Ground 1 - Whether petitioner was denied effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the**

---

90.803(23). As a result, impermissible hearsay statements were admitted into trial in violation of the defendant's 6th and 14th Amendment rights under the United States Constitution, and Article 1, Section 16 of the Florida Constitution.

<u>Ground 5</u> - Trial counsel ineffective by failing to object to prosecution's repetitive assertion of victim's and collateral crime victim's prior out-of-court hearsay statements, which were admitted without a proper determination of reliability, resulting in the 1) bolstering of the victim's statements and credibility, and in an 2) unreliable or fundamentally unfair trial in violation of the 6th and 14th Amendments of the United States Constitution, and Article 1, Section 16 of the Florida Constitution.

<u>Ground 6</u> - Trial counsel rendered ineffective assistance by failing to seek and move the court for a change of venue, in light of the extensive pretrial publicity that the defendant received via television and newspaper. This resulted in an unreliable and/or fundamentally unfair trial in violation of the defendant's 6th and 14th Amendment rights under the United States Constitution.

<u>Ground 7</u> - Trial counsel ineffective by not presenting the court and jury exculpatory evidence , i.e., doctor's report, that would have shown that the defendant did not commit the alleged anal penetration on the minor victim. As a result, the defendant was prejudiced, denied a fair trial, convicted and sentenced to life in prison, in violation of his 6th and 14th Amendment rights under the United States Constitution, and Article 1, Section 9 of the Florida Constitution.

<u>Ground 8</u> - Trial counsel ineffective by failing to advise the defendant of the consequences of testifying on his own behalf in trial. Rather, trial counsel's misadvice/misrepresentation prejudiced the defendant when the jury heard testimony concerning his past felony record. Thus, the defendant's 5th, 6th, and 14th Amendment rights under the United States Constitution was (sic) violated.

<u>Ground 9</u> - The defendant was denied a fundamentally fair and reliable trial as a result of trial counsel' pervasive and cumulative errors, which was tantamount to ineffective assistance of counsel; in violation of the defendant's 5th, 6th, and 14th Amendment rights under the United States Constitution, and Article 1, Section 9 and 16 of the Florida Constitution.

**United States Constitution, when counsel failed to investigate, interview and/or depose police officers, prepare for and reveal coercion at suppression hearing.**

**Ground 2 - Whether petitioner was denied effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, when counsel failed to object and move the court to conduct requisite hearing to determine the reliability and admissibility of the victim's, non-victim's, and collateral crime victim's hearsay statements.**

**Ground 4 - Whether petitioner was denied effective assistance of counsel, as guaranteed by the sixth and fourteenth amendments to the United States Constitution, when counsel failed to object to prosecution's repetitive assertion of victim's and collateral crime victim's prior out of court hearsay statements, which were admitted without a proper determination of reliability.**

**Ground 5 - Whether petitioner was denied effective assistance of counsel , as guaranteed by the sixth and fourteenth amendments to the United States Constitution, as a result of counsel's pervasive and cumulative errors.**

Thus, grounds 1-2 and 4-5 are procedurally defaulted and barred from federal review by this court. *Coleman*, 501 U.S. at 734-35 and n.1; *Bailey*, 172 F.3d at 1302-03; *Judd*, 250 F.3d at 1313; *see also Atwater v. Crosby*, 451 F.3d 799, 810 (11th Cir. 2006) (holding that petitioner, who had received an evidentiary hearing on his Rule 3.850 motion, procedurally defaulted his ineffective assistance claim when he failed to argue it in his initial brief on appeal from the denial order and therefore abandoned it; raising it in his reply brief was not proper exhaustion); *Cortes v. Gladish*, 216 Fed. Appx. 897, 899-900 (11th Cir. 2007) (stating that had the petitioner received an evidentiary hearing on his Rule 3.850 motion, his failure to address issues in his appellate brief would constitute a waiver of those issues, and they would be considered procedurally defaulted).

**Ground 3**    <u>Whether petitioner was denied effective assistance of counsel, as guaranteed by the sixth and fourteenth amendments to the United States Constitution, when counsel failed to object to the admission of *Williams*[13] Rule evidence of non-victim child, and by failing to move/motion the court to conduct a *Williams* Rule hearing.</u>

Mr. Martinez argued in his Rule 3.850 motion as ground 4, footnote 11 *supra*, that his trial counsel was ineffective because she did not request a *Williams* Rule hearing and subsequently failed to object at trial to collateral evidence by the testimony of A.N. (ex. M, pp. 33-37).  He alleged that the prosecutor made improper comments regarding this evidence during opening and closing arguments, which went unobjected to by his counsel.  *Id*.  He asserted that the incident described by A.N. was not sufficiently similar to the charges against him, and thus, should not have been admitted into evidence.  *Id*.  He concluded that he received an unreliable and fundamentally unfair trial because of his counsel's ineffective performance.  *Id*.


<u>State Court Decision</u>

The Rule 3.850 court held an evidentiary hearing (ex. O) and issued an opinion affirming Mr. Martinez' conviction and sentence (ex P).  It concluded that Mr. Martinez' trial counsel made a reasonable decision not to object to every *Williams* Rule violation so that the jury would not get the impression that the defense had something to hide (ex. P).  It also reasoned that Mr. Martinez' "trial counsel considered the inconsistencies between the various testimonies in some of the child hearsay and felt it corroborated the defense that either the crimes never occurred or that there had been manufacturing of the testimony."  *Id*.  The Rule 3.850 determined that these reasons were reasonable trial strategies, and did not constitute ineffective assistance of counsel.

---

[13]***Williams v. State of Florida***, **110 So.2d 654 (Fla. 1959).**

### Federal Review of State Court Decision

Ground 3 in Mr. Martinez' habeas petition presents a different situation from Grounds 1-2 and 4-5, but the result is the same.  As pointed out by respondent, in Mr. Martinez' appeal to the First DCA, he changed his argument entirely (ex W).  On appeal he instead averred that the Rule 3.850 court erred in determining that his trial counsel's actions and/or omissions were reasonable trial strategies.  *Id.*  Then, Mr. Martinez went on to discuss the testimony of D.S. compared to J.C., both children, in order to allege that the incidents of sexual abuse were not strikingly similar under the *Williams* Rule.  *Id.*  At no point in his appeal to the First DCA did Mr. Martinez mention the testimony of A.N. or the alleged improper prosecutorial comments.  Therefore, Mr. Martinez' ground 4 from his Rule 3.850 motion was abandoned.  He could not present an entirely different argument on appeal than he proffered in his motion.  Consequently, Ground 3 of his petition (doc. 1) is unexhausted because it was never presented to the state court in his Rule 3.850 motion for post-conviction relief.  Thus, this claim is procedurally defaulted and barred from federal review by this court.  *Coleman*, 501 U.S. at 734-35 and n.1; *Bailey*, 172 F.3d at 1302-03; *Judd*, 250 F.3d at 1313.

Ground 7     Whether the court erroneously admitted D.S.' collateral crime evidence in that it was not sufficiently similar to the charged offense and in that D.S. was unable to identify petitioner in court.

Mr. Martinez alleges that the testimony of sexual abuse by D.S. was not strikingly similar to the victim J.C., and as such should not have been admitted under the *Williams* Rule (ex. I, pp. 21-23).  Mr. Martinez concedes that the incidents described by both J.C. and D.S. were similar, but argues that they were not strikingly similar.  *Id.*  Mr. Martinez contends that because D.S. was unable to identify him in the courtroom, his testimony was unreliable.  *Id.*  He argues that the admittance of this evidence denied him a fair trial under both the United States and Florida's Constitution.  *Id.*

## State Court Decision

The First DCA affirmed Mr. Martinez' conviction and sentence without issuing an opinion (ex. L).

## Federal Review of State Court Decision

Respondent contends that this claim is unexhausted because it was not properly preserved for review on appeal due to differing arguments below (doc. 17, pp. 49-57). Mr. Martinez filed a pre-trial motion requesting that D.S. be disqualified as a witness because (1) he was "unable to testify as to what exactly [Mr. Martinez] is alleged to have done," (2) the testimony was highly prejudicial and offered solely to show Mr. Martinez' propensity to commit such crimes, (3) any probative value was outweighed by the potential of undue prejudice, (4) the proffered evidence was irrelevant, and (5) the prosecution did not need it in order to prove the instant crime (ex. B, p. 14). Mr. Martinez did not argue before the trial court what he later contended on appeal to the First DCA and in this habeas petition. Therefore, he abandoned the argument he presented to the trial court.

However, even when not properly preserved, the order may be appealed if the error alleged would constitute fundamental error. Section 924.051(3), Florida Statutes; *McDonald v. State of Florida*, 743 So.2d 501, 505 (Fla. 1999) ("Fundamental error is defined as the type of error which reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.") (internal quotations omitted)

That is not the case here. A review of the testimony by J.C. and D.S. does not support Mr. Martinez' contention that the sexual abuse suffered by the boys at the hands of Mr. Martinez was not strikingly similar (ex. C, pp. 139-152,178-182). Ground 7 of his petition (doc. 1) is procedurally defaulted because it was never preserved at the trial level, and it did not constitute fundamental error. Thus, this claim is

barred from federal review by this court.  *Coleman*, 501 U.S. at 734-35 and n.1;
*Bailey*, 172 F.3d at 1302-03; *Judd*, 250 F.3d at 1313.


II.    Merits


**Ground 6**    Whether investigator Cassady's testimony that, "We discussed some
                problems that he had had of this nature in North Carolina," was
                harmless error.

Mr. Martinez testified at trial that his confession was coerced by Officers
Cassady and Simmons (ex. C, pp. 255-260).  He claimed that Officer Cassady told
him that if he confessed the judge would go easier on him.  *Id*.  Then, that despite
asking for a lawyer, Officer Simmons started reading him the report to which Mr.
Martinez nodded in agreement.  Id.  However, at trial, he denied committing the
charges, and attributed the nodding to being distraught and fearful.  *Id*.  On cross-
examination, Mr. Martinez testified that as a convicted felon he thought that
confessing to raping a 7 year old boy would help him because at the time he was
distraught and did not know what to think.  *Id*. at 262.

The state then called Officer Cassady to testify as a rebuttal witness.  *Id*. at
263-269.  He denied ever threatening Mr. Martinez to make him confess.  *Id*. at 265.
Then, the prosecutor asked him "Did he ever make a confession in your presence?"
Officer Cassady answered "No, sir.  We discussed some problems that he had had
of this nature in North Carolina. I - - -" *Id*.  Mr. Martinez' trial counsel interrupted him
calling for an Objection.  *Id*.  The court sustained the objection, instructed Officer
Cassady not to proceed with his answer, and instructed the jury to disregard the
witness' last statement.  *Id*. at 266.

In his direct appeal, Mr. Martinez alleged that Officer Cassady's prejudicial
statement was not harmless error and merited a new trial (ex. I, pp. 13-20).  Upon its
utterance, in a side bar discussion, Mr. Martinez' trial counsel moved for a mistrial,
and the court took it upon advisement issuing a curative jury instruction.  *Id*.  Then,

at the conclusion of trial, after the jury returned a guilty verdict, the court requested Mr. Martinez' trial counsel to file a motion for judgment of acquittal and include case law to support a mistrial due to Officer Cassady's prejudicial statement.  *Id*.  Upon review of the pleadings from the parties, the trial court issued a written order denying the motion holding that although the statement was prejudicial, it was harmless due to the overwhelming evidence of guilt (ex. F).  The trial court cited to the testimony of the victim, J.C., and the other 2 children, A.N. and D.S., that corroborated being approached or sexually assaulted by Mr. Martinez.  *Id*.  It also determined that the statement was not specific enough to refer to Mr. Martinez' prior 2 felonies.  *Id*.

Mr. Martinez argued that overwhelming evidence of guilt alone is not sufficient to make Officer Cassady's statement harmless under Florida law pursuant to *State of Florida v. DiGuilio*, 491 So.2d 1129 (Fla. 1986).  Ex. I pp. 13-20.  Mr. Martinez averred that the correct test is "whether there is a reasonable possibility that the error affected the verdict" and the determination must be beyond a reasonable doubt.  *Id*. quoting *DiGuilio*, 491 So.2d at 1139.  Then, he refuted the trial court's assessment that the guilt evidence was overwhelming (ex. I pp. 13-20).  In support he contended that he was only convicted of 3 out of 5 charges, therefore, the evidence could not have been overwhelming.  *Id*.  He argued that the changing story of the victim, 8 year old J.C., was the reason.  *Id*.  Mr. Martinez also reiterated that his confession was a result of coercion.  *Id*.

As to the statement not being a direct reference to Mr. Martinez' prior felonies, he contended that it was a statement as to his character.  *Id*.  He argued that the risk of getting convicted based on his propensity to commit sex crimes was so great that this statement was practically a per se violation to his right to a fair trial.  *Id*.  Lastly, Mr. Martinez alluded that the statement by Officer Cassady was made in bad faith in order to taint the jury.  *Id*.

**State Court Decision**

The First DCA affirmed Mr. Martinez' conviction and sentence without issuing an opinion (ex. L).

**Federal Review of State Court Decision**

As discussed in detail above, this court owes deference to the state courts' rulings, and cannot disturb them so long as there was a "satisfactory conclusion." *Williams,* 529 U.S. at 410-12; *see also Crawford*, 311 F.3d at 1295 (explaining that AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court).

Respondent concurs that *DiGuilio* sets forth the harmless error review to be followed by the trial court (doc. 17, p. 44). In its decision, the trial court analyzed the statement in light of the entire record, and determined that the error was harmless (ex. F). This court agrees. The victim, an eight year old boy named J.C., testified in detail as to how Mr. Martinez sexually abused him (ex. C, pp. 139-150). J.C. also positively identified Mr. Martinez as the perpetrator. *Id*. at 152. There was also testimony by 2 other young boys, A.N. and D.S., which corroborated J.C.'s testimony. 11 year old A.N. testified that J.C. told him about what Mr. Martinez had done to him. *Id*. at 162-63. A.N. also stated that he told his mom that Mr. Martinez had asked him to go to the living room alone, but he declined because Mr. Martinez had not asked his son to come also. *Id*. at 163-64. 9 year old D.S. testified that while at Mr. Martinez' residence, Mr. Martinez sexually abused him. *Id*. at 178-182. D.S. described in detail the manner of the abuse, which was substantially similar to the abuse described by J.C. *Id*. at 181-82. Although D.S. could not identify the perpetrator in the courtroom, he did state that it was Mr. Martinez and that it happened a long time ago. *Id*. at 182, 184.

Although Cassady's statement was prejudicial, the evidence as a whole supports the trial court's determination that it was harmless. There is not a reasonable probability that it affected the verdict beyond a reasonable doubt. The

state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1)(2); *Williams,* 529 U.S. at 409.  Mr. Martinez is not entitled to federal habeas relief, and the writ should not issue.

**Ground 8**    **Whether the trial court lacked jurisdiction under Article 1, Section 15 of the Florida Constitution where there was not an extant, valid indictment by a grand jury**.

Mr. Martinez contends that since he was charged with capital battery, then he could only be charged by Indictment instead of Information (ex. KK).  He argues that he was entitled to a 12 person jury.  *Id*.  He alleges that this was a violation of Florida's Equal Protection Clause, Article 1, Section 2 of the Florida Constitution and the Due Process Clause under the Sixth Amendment of the United States Constitution.  *Id*.

**State Court Decision**

The state court denied Mr. Martinez' state habeas corpus petition contesting its jurisdiction with a written opinion (ex. LL).  The court considered it a Rule 3.850(a) motion despite it being untimely and successive.  *Id*.  It reasoned that even though the sexual battery of a child is defined as a capital crime, it does not require a 12 person jury and can be charged by Information because it is not punishable by death.  *Id*.  The First DCA affirmed the lower court upon appeal without issuing an opinion (ex. OO).

**Federal Review of State Court Decision**

Federal habeas relief is available to correct only constitutional injury.  28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed. 2d 385 (1991) (errors that do not infringe upon a defendant's constitutional

rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode*, 464 U.S. 78, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983); *Barclay v. Florida*, 463 U.S. 939, 958-59, 103 S. Ct. 3418, 3429, 77 L. Ed. 2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution."); *Engle v. Isaac*, 456 U.S. 107, 102 S. Ct. 2976, 73 L. Ed. 2d 1361 (1981); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983).  Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger,* 941 F.2d 1551 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105, 112 S. Ct. 1199, 117 L. Ed. 2d 439 (1992).

   "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).  In *Branan*, the Eleventh Circuit explained that "in the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."  *Id*.

   State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the trial to render the entire trial fundamentally unfair."  *Tejada*, 941 F.2d at 1560. The Supreme Court "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly." *Estelle*, 502 U.S. at 352.  As discussed above the instant case is not one in which there were such critical errors, if indeed there were any errors, that a constitutional violation is apparent.  Therefore, Mr. Martinez is not entitled to federal habeas relief, and the writ should not issue.

## CONCLUSION

The undersigned has carefully reviewed the trial transcript, post-conviction motions, orders, records on appeal, and all submissions in this proceeding.  Mr. Martinez' claims were either abandoned, procedurally defaulted, or are without merit. He is not entitled to federal habeas relief.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(a), Rules Governing Section 2254 Cases.  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is recommended that the court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If petitioner files an objection to this recommendation, he may bring this argument to the attention of the district judge in his objections.

Accordingly, it is respectfully RECOMMENDED:

1.      That the petition for writ of habeas corpus (doc. 1) challenging the conviction and sentence in *State of Florida v. Martinez*, in the Circuit Court of Escambia County, Florida, case number 98-688, be DENIED and the clerk be directed to close the file.

2.      That a certificate of appealability be DENIED.

At Pensacola, Florida this 27th day of March, 2012.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**



**<u>NOTICE TO THE PARTIES</u>**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).